United States District Court
Southern District of Texas

**ENTERED**

July 24, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-25-0267 |
| | § | |
| TYNEZA MITCHELL, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

On December 17, 2025, the court entered an Order for Interlocutory Sale of Real Property, authorizing the sale of real property located at 19114 Coleto Creek Bend Drive, Cypress, Texas 77433.[1] Pending before the court is Spencer Mitchell's Motion for Limited Appearance and Stay of Interlocutory Sale (Docket Entry No. 69).[2] Mitchell, the husband of Tyneza Mitchell ("Defendant"), argues that the court should grant an immediate stay of the interlocutory sale order because (1) the Government cannot dispose of his interest in the property without affording him notice and the opportunity to be heard, (2) Rule G(7)(b)(i) of the civil Supplemental Rules of Admiralty or Maritime Claims and Asset

---

[1]Order for Interlocutory Sale of Real Property, Docket Entry No. 54, p. 1.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]The court has also considered Mitchell's Declaration in Support of Motion for Limited Appearance and Stay of Interlocutory Sale (Docket Entry No. 70) and Reply to United States' Response to Motion for Limited Appearance and Interlocutory Sale (Docket Entry No. 72).

Forfeiture Actions only authorizes an interlocutory sale upon a showing of perishability, excessive maintenance costs, default, or other good cause, and (3) the stay factors under Nken v. Holder, 129 S. Ct. 1749 (2009) favor immediate relief.[3]

Mitchell's arguments have no merit.  Mitchell "has had actual notice of these proceedings for many months."[4]  Mitchell hired an attorney in February of 2026 to represent his interests in the interlocutory sale of his property.[5]  In addition, Mitchell was provided with a signed Order to Vacate on April 15, 2026, had a Notice to Vacate posted on his property on May 12, 2026, and spoke directly to a United States Marshall Service contractor employee on May 22, 2026, about the Notice to Vacate.[6]  Second, the interlocutory sale of Mitchell's property is authorized by Rule G(7)(b)(i) of the civil Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions because "mortgage payments on

---

[3]Motion for Limited Appearance and Stay of Interlocutory Sale, Docket Entry No. 69, pp. 2-3.  Mitchell also argues that because the property is community property, the Government can only seek forfeiture of Defendant's adjudicated interest in the property. Id. at 3.  However, on May 27, 2026, Mitchell was indicted in this action.  First Superseding Indictment, Docket Entry No. 73.  The indictment included notice of criminal forfeiture and specifically stated that the real property located at 19114 Coleto Creek Bend Drive, Cypress, Texas 77433 was subject to forfeiture.  Id. at 15. The court therefore need not address this argument.

[4]United States Response to Spencer Mitchell's "Motion for Limited Appearance and Stay of Interlocutory Sale", Docket Entry No. 71, p. 2.

[5]Id.

[6]Id.

the [] property are overdue, [] the equity in the property is being reduced by Defendant's failure to pay the mortgage, and [] there is good cause for an interlocutory private sale in accordance with 28 U.S.C. § 2001(b)."[7]  The factors under <u>Nken v. Holder,</u> do not favor a stay.  Mitchell has not demonstrated a substantial likelihood of success on the merits nor has he presented evidence that establishes that the sale of the property would constitute irreparable harm.  Moreover, the Government has shown that delaying the sale would harm the victims of Defendant's fraud.[8]

For the reasons explained above, Motion for Limited Appearance and Stay of Interlocutory Sale (Docket Entry No. 69) is **DENIED.**

**SIGNED** at Houston, Texas, on this 24th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]Order for Interlocutory Sale of Real Property, Docket Entry No. 54, p. 1.

[8]United States Response to Spencer Mitchell's "Motion for Limited Appearance and Stay of Interlocutory Sale", Docket Entry No. 71, p. 2.